UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62315-CIV-DIMITROULEAS/HUNT

In the Matter of the Complaint of PORT
EVERGLADES LAUNCH SERVICE, INC. d/b/a
CAPE ANN TOWING, as owner of the M/V TUG
1 Bearing Hull Identification No. DLZ09699D603
and M/V TUG 2 Bearing Hull Identification No.
DUS600141276, for Exoneration from or
Limitation of Liability

_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on a Motion to Tax Costs ("Motion") filed by Petitioner Port Everglades Launch Service, Inc. d/b/a Cape Ann Towing ("Petitioner"). ECF No. 140.  The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation.  ECF No. 141; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1.  Having carefully reviewed the Motion, the entire case file, applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART for the reasons outlined below.

Petitioner filed the Motion seeking $9,711.64 in costs to be taxed against Claimants Accelerant Specialty Insurance Company and DWB Asset Management, LLC (collectively, "Claimants").  At the time the Motion was filed, Claimants did not oppose Petitioner's entitlement to costs, but they did disagree on the amount.  Later, in response to the Motion, Claimants filed a Stipulation.  ECF No. 146.  According to the Stipulation,

Petitioner and Claimants have agreed that Claimants will pay a total of $6,000.00 as taxable costs to Petitioner. *Id.*

Federal Rule of Civil Procedure 54(d) states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "[The] language [of Fed. R. Civ. P 54(d) creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

The various types of costs requested by Petitioner, as prevailing party, for the Court filing fee, publication of the Notice to Claimants, transcripts, and copies of the parties' exhibits are undisputed. *See* 28 U.S.C. § 1920. The undersigned finds that the stipulated-to amount of $6,000.00 in taxable costs is reasonable and should be awarded.

## CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that the Motion to Tax Costs, ECF No. 140, be GRANTED IN PART to the extent that Petitioner Port Everglades Launch Service, Inc. be awarded $6,000.00 in taxable costs.   Claimants Accelerant Specialty Insurance Company and DWB Asset Management, LLC should be given thirty (30) days from the date of an Order adopting this Report and Recommendation to pay those costs.  The Motion should otherwise be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 28th day of April 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

3